FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JUL 13 2017

SEAN F. McAVOY, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

1  JOSEPH H. HARRINGTON
2  Acting United States Attorney
   Eastern District of Washington
3  Scott T. Jones
4  Assistant United States Attorney
   Post Office Box 1494
5  Spokane, WA 99210-1494
6  Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | NO. 2:16-CR-194-SAB |
| v. | Plea Agreement |
| CAMBREA M. BISHOP, | |
| Defendant. | |

Plaintiff, the United States of America, by and through MICHAEL C. ORMSBY, United States Attorney for the Eastern District of Washington, and Scott T. Jones, Assistant United States Attorney for the Eastern District of Washington, and the Defendant, CAMBREA M. BISHOP, and the Defendant's counsel, ~~Sally Winn~~, JEFFRY K FINER agree to the following Plea Agreement:

//
//

PLEA AGREEMENT - 1

1. <u>Guilty Plea and Maximum Statutory Penalties</u>:

The Defendant, CAMBREA M. BISHOP, agrees to plead guilty to Count 1 of the Indictment, which alleges Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The Defendant, CAMBREA M. BISHOP, understands that this allegation is a Class C felony and carries a maximum penalty of ten years of incarceration, a term of supervised release of up to three years, a maximum fine of $250,000, and a mandatory $100 special penalty assessment.

The Defendant understands that a violation of a condition of supervised release carries an additional penalty of re-imprisonment for all or part of the term of supervised release without credit for time previously served on post-release supervision.

2. <u>The Court is Not a Party to the Agreement</u>:

The Court is not a party to this Plea Agreement and may accept or reject this Plea Agreement. Sentencing is a matter that is solely within the discretion of the Court. The Defendant understands that the Court is under no obligation to accept any recommendations made by the United States and/or by the Defendant; that the Court will obtain an independent report and sentencing recommendation from the U.S. Probation Office; and that the Court may, in its discretion, impose any sentence it deems appropriate, up to the statutory maximums stated in this Plea Agreement. The Defendant acknowledges that no promises of any type have been made to the Defendant with respect to the sentence the Court will impose in this matter. The Defendant understands that the Court is required to consider the applicable sentencing guideline range, but may depart upward or downward under the appropriate circumstances.

The Defendant also understands that should the sentencing judge decide not to accept any of the parties' recommendations, that decision is not a basis for withdrawing from this Plea Agreement or a basis for withdrawing this plea of guilty.

//

PLEA AGREEMENT - 2

3. <u>Waiver of Constitutional Rights</u>:

The Defendant understands that, by entering this guilty plea, she is knowingly and voluntarily waiving certain constitutional rights, including:

(a.) the right to a jury trial;

(b.) the right to see, hear, and question the witnesses;

(c.) the right to remain silent at trial;

(d.) the right to testify at trial; and,

(e.) the right to compel witnesses to testify.

While the Defendant is waiving certain constitutional rights, the Defendant understands that she retains the right to be assisted through the sentencing and any direct appeal of the conviction and sentence by an attorney, who will be appointed at no cost if the Defendant cannot afford to hire an attorney. The Defendant also acknowledges that all pretrial motions currently pending before the Court, if any, are waived.

4. <u>Elements of the Offense</u>:

The United States and the Defendant agree that in order to convict the Defendant of Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) as charged in Count 1 of the Indictment, the United States would have to prove, beyond a reasonable doubt, the following elements:

> *First*, on or about September 23, 2016, in the Eastern District of Washington, the Defendant knowingly possessed a Taurus PT738 .380 caliber pistol bearing serial number 29806B,
>
> *Second*, the firearm possessed had been previously shipped or transported from one state to another; and,
>
> *Third*, at the time the Defendant possessed the firearm, the Defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year.

//

PLEA AGREEMENT - 3

5) <u>Factual Basis and Statement of Facts:</u>

The United States and the Defendant stipulate and agree that the following facts are accurate; that the United States could prove these facts beyond a reasonable doubt at trial; and that these facts constitute an adequate factual basis for CAMBREA M. BISHOP' guilty plea. Pertinent facts are set out below in order to provide a factual basis for the pleas and to provide facts which the Government and Defendant believe are relevant for computing the appropriate guideline range. This statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts that are relevant to the guideline computation or sentencing, unless otherwise prohibited in this agreement.

In September 2016, Spokane County Sheriff's Office Detective and FBI Task Force Officer Brad Richmond received information that Martin Esteban Rios, the romantic partner of the Defendant (charged separately in case number 16-CR-197-SAB), was selling drugs and possessing firearms at 2213 East 4th Avenue in Spokane. He also learned that Rios had an outstanding Washington State Department of Corrections (DOC) arrest warrant.

On September 23, 2016, Officer Pat Green of the DOC, at Richmond's request, conducted surveillance of the 2213 East 4th Avenue residence. At approximately 2:00 p.m., Officer Green observed a man, whom he believed to be Rios, using a key on a lanyard to enter the residence. Officer Green then observed a number of individuals enter and leave the residence, with visit durations short enough to make him suspect drug activity.

At approximately 3:30 p.m., Officer Green saw the man he believed to be Rios exit the residence and go towards the back alley. Another officer then saw a silver Mazda go down the alley towards the back of the duplex. Approximately five minutes later, the vehicle left the alley and drove by Officer Green. He saw two women in the front seats and Rios in the back seat. At Green's request, officers from the Spokane

PLEA AGREEMENT - 4

Police Department (SPD) stopped the Mazda. Green then arrested Rios on the outstanding DOC warrant.

After Rios was taken into custody, SPD Sgt. Vigessa and Officer Green asked the driver and the front seat passenger (the Defendant), to step out of the vehicle. The Defendant left her purse in the vehicle when she exited. At one point during her interaction with the police, she asked an officer to get her a cigarette out of the purse.

Green seized a lanyard with two attached keys and a backpack, both of which belonged to Rios, from the vehicle. In the backpack, he found a Ruger SR 1911 .45 caliber pistol, bearing serial number 671-61793; a Smith and Wesson MMP .45 caliber pistol, bearing serial number HPZ2638; and a RG RG31 .38 caliber pistol, bearing serial number Q208609. The backpack also contained approximately 360 grams of heroin and a black nylon bag bearing the name "RIOS", which contained $2,689 and packaging material. Another bag found in Rios' pocket contained $1,754.

The officers obtained a searched warrant for the vehicle and its contents. Inside the Defendant's purse, they found a digital scale with brown sticky residue, $2,101 in cash, a stolen Taurus PT 738 .380 caliber pistol bearing serial number 29806B, and the Defendant's identification.

Detective Richmond obtained and executed a state search warrant for the residence on East 4th Avenue. One of the keys on the seized lanyard unlocked the front door. The other unlocked a locked closet in a bedroom containing mail addressed to, and hung pictures of, Rios and the Defendant. Inside that bedroom, officers found: (1) a Ruger P95 9mm pistol, bearing serial number 317-67373; (2) a Fillipietta .44 caliber pistol, bearing serial number P87711; (3) a Taurus PT22 .22 caliber pistol, bearing serial number AXA28019; (4) a Glock 22 .40 caliber pistol, bearing serial number NBP755; (5) a Smith and Wesson 38 Special .38 caliber pistol, bearing serial number CYR5328; (6) a scale; (7) packaging material; and (8) pay and owe sheets.

In the weeks preceding his arrest, Rios sold heroin in and around Spokane with the Defendant's help. The Defendant knew of, and had control over, all of the firearms

PLEA AGREEMENT - 5

found in the residence on East 4th Avenue. She lived in the residence with Rios and kept heroin, the scale, the packaging material, and the pay and owe sheets in the residence in order to facilitate the trafficking of heroin. She possessed all the firearms, including the Taurus pistol found in her purse, during and in relation to a conspiracy to distribute more than 100 grams of heroin.

On September 24, 2013, the Defendant suffered a felony conviction for bank fraud in the United States District Court for the Eastern District of Washington.

Special Agent Michael Northcutt of the Bureau of Alcohol, Tobacco, Firearms, and Explosives examined the Taurus pistol found in the Defendant's purse. He determined that it was not manufactured in the state of Washington. He concluded that the firearm moved in and affected interstate commerce.

6. <u>The United States Agrees</u>:

The United States Attorney's Office for the Eastern District of Washington agrees not to bring any additional charges against the Defendant based upon information in its possession at the time of this Plea Agreement and arising out of Defendant's conduct charged in the Indictment unless the Defendant breaches this Plea Agreement any time before or after sentencing. The United States also agrees to move to dismiss Count 2 of the Indictment, which alleges Possession of a Stolen Firearm, in violation of 18 U.S.C. §§ 922(j), 924(a)(2), at sentencing.

7. <u>United States Sentencing Guideline Calculations</u>:

The Defendant understands and acknowledges that the United States Sentencing Guidelines (USSG) are applicable to this case and that the Court will determine the Defendant's final and applicable advisory guidelines sentencing range at the time of the sentencing hearing.

(a.) <u>Base Offense Level</u>:

The parties agree that the Base Offense Level is 12. *USSG §2K2.1(a)(7)*.

(b.) <u>Specific Offense Characteristics</u>:

PLEA AGREEMENT - 6

The parties agree that, because the offense involved between three and seven firearms, the offense level should be increased by 2. *USSG §2K2.1(b)(1)*. The parties further agree that, because the offense involved a stolen firearm, the offense level should be increased by an additional 2. *USSG §2K2.1(b)(4)(A)*. The parties agree that no further Specific Offense Characteristics apply.

(c.)    <u>Acceptance of Responsibility</u>

If the Defendant pleads guilty and demonstrates a recognition and an affirmative acceptance of personal responsibility for the criminal conduct; provides complete and accurate information during the sentencing process; does not commit any obstructive conduct; accepts this Plea Agreement; and enters a plea of guilty no later than <u>August 10, 2017</u>, the United States will move for a three-level downward adjustment in the offense level for the Defendant's timely acceptance of responsibility, pursuant to USSG §3E1.1(a) and (b).

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, not recommend a three-level downward reduction for acceptance of responsibility if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

Furthermore, the Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, at or before sentencing, and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment, as a condition to this recommendation by the United States.

(d.)    <u>Criminal History</u>

The United States and the Defendant understand that the Defendant's criminal history computation will be determined by the Court after review of the Presentence Investigative Report. The United States and the Defendant have no agreement and

PLEA AGREEMENT - 7

make no representations as to the Defendant's final and applicable criminal history category.

8.  Departures/Variances:

The Defendant intends to request a downward departure/variance from the sentencing guidelines. The United States reserves its right to oppose any downward departure/variance.

9.  Substantial Assistance:

The United States also agrees to furnish the Defendant an opportunity to provide "substantial assistance," that is, information and assistance in the investigation and prosecution of others. The Defendant agrees to meet with federal and state law enforcement agents in an attempt to assist them in obtaining information that would form the basis of a motion for correction or reduction of sentence to be filed pursuant to USSG §5K1.1 and 18 U.S.C. § 3553(e). The Defendant understands that whether any such information amounts to substantial assistance is a determination left to the United States Attorney's Office.

   (a.) The Defendant must provide information and assistance in the federal or state investigation and prosecution of others who have the same as or greater involvement than the Defendant's involvement in violations of the law.

   (b.) The Defendant understands and agrees to participate in full debriefings by federal and local investigative agencies about the Defendant's knowledge of illegal conduct, at times and places to be decided by these agencies. The Defendant agrees to provide complete, accurate, and truthful information during the debriefings. Such debriefings may involve the use of a polygraph, if requested by the agencies. It is understood that the Defendant may have an attorney present at the debriefings. The Defendant also agrees to participate in any future court proceeding involving any named or unnamed coconspirators and any other persons involved in criminal activity, by testifying completely and truthfully. Such court proceedings include grand jury proceedings, trials, and sentencing hearings.

PLEA AGREEMENT - 8

(c.) The Defendant agrees that the United States may, at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its recommendation for sentence if the Defendant fails to provide truthful, complete and honest information during debriefings, testimony before the grand jury, or any court proceedings, or if the Defendant fails a polygraph examination. The determination whether the Defendant has failed a polygraph examination shall be made by the Court.

(d.) The Defendant understands this agreement does not protect him from prosecution for perjury, obstruction of justice, or any other offense should the Defendant commit any crime during the Defendant's cooperation under this agreement.

(e.) The Defendant understands further that if the United States determines that the Defendant has provided "substantial assistance" and a motion is made, the Court will be free to impose any sentence, even one below the applicable Guidelines sentencing range and below any statutory minimum. If a "substantial assistance" motion is filed, both the United States and the Defendant will be free to make a specific recommendation with respect to any correction or reduction of sentence. It is understood that the United States will inform the sentencing judge about the timing and extent of the Defendant's cooperation.

(f.) The Defendant understands that, if the United States files a motion indicating the Defendant has provided "substantial assistance," the appropriate reduction shall be determined by the Court, and that the Court will consider: (1) the significance and usefulness of the Defendant's assistance, taking into consideration the United States' evaluation of the assistance rendered; (2) the truthfulness, completeness, and reliability of any information or testimony provided by the Defendant; (3) the nature and extent of the Defendant's assistance; (4) any injury suffered, or any danger or risk of injury to the Defendant or the Defendant's family

resulting from the Defendant's assistance; and (5) the timeliness of the Defendant's assistance. *USSG §5K1.1(a)(1)-(5)*.

10. <u>Incarceration</u>:

The United States agrees to recommend a sentence at the low end of the USSG range, as determined by the Court.

11. <u>Criminal Fine</u>:

The United States and the Defendant are free to make whatever recommendation concerning the imposition of a criminal fine that they believe is appropriate.

12. <u>Supervised Release</u>:

The United States and the Defendant agree to recommend that the Court impose a three-year term of supervised release.

13. <u>Mandatory Special Penalty Assessment</u>:

The Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, at or before sentencing, pursuant to 18 U.S.C. § 3013, and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment.

14. <u>Payments While Incarcerated</u>:

If the Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, the Defendant agrees to earn the money to pay toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

15. <u>Additional Violations of Law Can Void Plea Agreement</u>:

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its recommendation for sentence if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

PLEA AGREEMENT - 10

16. **Appeal Rights:**

In return for the concessions that the United States has made in this Plea Agreement, the Defendant agrees to waive her right to appeal her conviction and sentence unless the Court imposes a term of incarceration above the final USSG range, as calculated by the Court, in which case she may only appeal her sentence. The Defendant further expressly waives her right to file any post-conviction motions attacking her conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based upon information not now known by the Defendant, and which, in the exercise of due diligence, could not be known by the Defendant by the time the Court imposes the sentence.

17. **Integration Clause:**

The United States and the Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and the Defendant, and no other promises, agreements, or conditions exist between the United States and the Defendant concerning the resolution of the case. This Plea Agreement is binding only upon the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state or local authorities. The United States and the Defendant agree that this agreement cannot be modified except in a writing that is signed by the United States and the Defendant.

### Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

MICHAEL C. ORMSBY
United States Attorney

_____    7/13/17
Scott T. Jones               Date
Assistant U.S. Attorney

PLEA AGREEMENT - 11

I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this Plea Agreement. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement and no one has threatened or forced me in any way to enter into this Plea Agreement. I am agreeing to plead guilty because I am guilty.

_____       7-13-17
CAMBREA M. BISHOP                      Date
Defendant

I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept the Defendant's pleas of guilty.

_____       7-13-17
~~Sally Winn~~ JEFFRY FINER            Date
Attorney for the Defendant

PLEA AGREEMENT - 12